DLM

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SWAROVSKI AKTIENGESELLSCHAFT and SWAROVSKI NORTH AMERICA LIMITED, Plaintiffs, v. WALGREEN CO. and WALGREEN EASTERN CO., INC., Defendants. | CA 06, 473S<br>**COMPLAINT** |

Plaintiffs Swarovski Aktiengesellschaft and Swarovski North America Limited ("Swarovski" or "Plaintiffs") complain and allege against Defendants Walgreen Co. and Walgreen Eastern Co., Inc. ("Walgreens" or "Defendants") as follows:

## INTRODUCTION

1. This is an action for trademark infringement, unfair competition, trademark dilution and related claims based upon Defendants' prominent, unauthorized use of the SWAROVSKI® trademark in a manner falsely suggesting that Walgreens and the "crystal" jewelry that it sells have a relationship with, or are endorsed by, Swarovski. The SWAROVSKI® mark figures largely on in-store leaflets circulated at Walgreens stores nationwide. Plaintiffs' trademark also appears on one or more marquis headlines, which proclaim that "Swarovski Crystal" is now available at Walgreens.

2. Although the jewelry that Walgreens advertises may literally contain SWAROVSKI® crystals, Swarovski does not manufacture, sell or endorse this jewelry. Walgreens' prominent use of the SWAROVSKI® mark with the sale and advertising of

this jewelry thus constitutes trademark infringement, unfair competition and trademark dilution under both federal and state law.

3. In this complaint, Swarovski seeks injunctive relief and damages pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Rhode Island General Laws §§ 6-13.1-2 and 6-2-12, and the common law of the State of Rhode Island.

4. The deliberate misuse by Defendant of the SWAROVSKI® trademark has created a likelihood of confusion, tarnished and diluted the distinctiveness of the SWAROVSKI® trademark, and violated Swarovski's rights under applicable state law. Unless enjoined, this willful misconduct by Walgreens will continue to injure Swarovski.

## JURISDICTION AND VENUE

5. This action is based on Sections 32, 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125 (c), Rhode Island General Laws §§ 6-13.1-2 and 6-2-12, and the common law of the State of Rhode Island.

6. This Court has jurisdiction over the subject matter of this action pursuant to: (i) Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Sections 32, 43(a), and (c) of the Lanham Act; (ii) 28 U.S.C. § 1332(a)(2), as an action between citizens of a State and citizens or subjects of a foreign state in which the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violations of Rhode Island law.

7. A substantial part of the events giving rise to the claims alleged herein occurred in this judicial district. In addition, Defendants are subject to personal jurisdiction in this district. Venue in this district is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

8. Plaintiff Swarovski Aktiengesellschaft ("SAG") is a Liechtenstein joint-stock company with its principal place of business at Droschistrasse 15 FL-9495 Triesen, Liechtenstein. SAG owns all right, title and interest in and to the SWAROVSKI® mark and name.

9. Plaintiff Swarovski North America Limited ("SNA") is a Rhode Island corporation with its principal place of business at One Kenney Drive, Cranston, Rhode Island 02920. SNA uses the SWAROVSKI® mark under express permission from SAG.

10. Defendant Walgreen Co. is a nationwide pharmacy. According to its website, located at www.walgreens.com, Defendant operates more than 4,500 stores, which over 4 million customers visit daily.

11. Defendant Walgreen Eastern Co., Inc. is a New York corporation headquartered in Deerfield, Illinois. Upon information and belief, this entity is registered to do business in Rhode Island and maintains a business establishment and/or registered agent in Warwick, Rhode Island.

## BACKGROUND FACTS

12. Swarovski designs, manufactures and distributes crystal stones, jewelry, and other products under the SWAROVSKI® mark and name.

13. To enhance its rights in the SWAROVSKI® mark, SAG has obtained numerous registrations for this mark. In the jewelry and crystal field, these include, among others, registrations for the following: SWAROVSKI® for use in connection with "natural and imitation jewelry, cut and uncut precious stones, beads for stringing into necklaces" (Registration No. 934,915); SWAROVSKI IMPERIAL DIAMOND® for jewelry (Registration No. 2,752,863); and SWAROVSKI® for use in connection with "genuine and artificial gemstones" and "jewelry" (Registration No. 1,739,479). A more complete listing of these SWAROVSKI® registrations is contained in the chart appended hereto as Exhibit A.

14. The SWAROVSKI® mark and name are distinctive and famous. The SWAROVSKI® mark is arbitrary (and thus inherently distinctive); alternatively, it has acquired secondary meaning through extensive sales and advertising. The public has come to associate the SWAROVSKI® mark exclusively with high quality crystal stones and jewelry marketed by the Swarovski companies.

15. To enhance its rights in the SWAROVSKI® mark, SNA or its affiliates have registered domain names incorporating "Swarovski" and variations thereof, including, among others, "swarovski.com" and "swarovski.net". Active web sites are maintained in connection with these domain names.

## DEFENDANT'S WRONGFUL CONDUCT

16. Walgreens very recently began selling a collection of "Pure Allure" crystal jewelry. This hypo-allergenic jewelry includes earrings, pendants, hair accessories and pins. The jewelry in this collection ranges in sales price from $8.99 to $14.99.

17. In connection with the advertising and sale of this jewelry, Walgreens is circulating in-store flyers in which the SWAROVSKI® mark appears prominently. *See* Exhibit B. Walgreen uses the SWAROVSKI® mark in the attached advertisement in a manner precisely calculated to suggest that Walgreens and the new jewelry accessories that it sells have some affiliation with or endorsement by Swarovski. Specifically, Walgreen states, in the largest and boldest type shown anywhere on the advertisement, that the jewelry is "featuring Swarovski Crystals."

18. Similarly, within the past week, Swarovski has become aware of a marquis headline at a Walgreens pharmacy in the midwest proclaiming "SWAROVSKI CRYSTAL NOW AT WALGREENS." A photograph showing this marquis is attached hereto as Exhibit C.

19. Upon information and belief, Walgreens may be displaying the same or similar signage at other store locations across the country.

20. Plaintiffs have not authorized Walgreens to use the SWAROVSKI® trademark on any merchandise, on any advertising such as flyers, or on any signage, such as the marquis depicted in Exhibit C.

21. Defendants' deliberate infringement and misappropriation of the SWAROVSKI® trademark, and the valuable goodwill represented therein, has caused irreparable damage to the public and to Swarovski for which there is no adequate remedy at law. As a result of Defendants' actions, consumers may be misled into thinking that the jewelry that Walgreens advertises and sells under the SWAROVSKI® mark is somehow officially endorsed or sponsored by Swarovski, or that Walgreens itself has some sort of endorsement or sponsorship relationship with Swarovski.

22. Indeed, the impact of Walgreens' actions is reflected in a recent article published in *Drug Store News/Online* (October 5, 2006). This article, headlined "Walgreens to launch Swarovski crystal jewelry line," reported that Walgreen stated "it will roll out an exclusive Swarovski crystal jewelry line" -- a clear indication to any reader that Walgreens is selling Swarovski-made, or Swarovski-licensed, crystal jewelry items. *See* copy of article, attached hereto as Exhibit D. On information and belief, this article has since been removed from the *Drug Store News/Online* publication.

23. While the newspaper article may have been removed, on information and belief, Defendants persist in circulating advertisements featuring the SWAROVSKI® mark, even in the face of Swarovski's requests that they cease doing so. Walgreens' flyer attached as Exhibit B, and the signage shown in Exhibit C, evince a strong intent to capitalize on the reputation and fame in the SWAROVSKI® mark.

**COUNT ONE – TRADEMARK INFRINGEMENT**
**UNDER SECTION 32 OF THE LANHAM ACT**

24. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 23 above.

25. By the acts described in Paragraphs 1 through 23 above, Walgreens has engaged in trademark infringement of the federally registered SWAROVSKI® mark in violation of Section 32(1)(a) of the Lanham Act, which prohibits any person from using in commerce, without the consent of the registrant,

> "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . ."

26. Walgreens' unauthorized, prominent use of the SWAROVSKI® mark in advertising is likely to cause confusion as to the source, sponsorship or origin of the jewelry sold and offered for sale by the parties. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions, and have further suffered monetary damages in an amount to be determined at trial.

**COUNT TWO – UNFAIR COMPETITION**
**UNDER SECTION 43(a) OF THE LANHAM ACT**

27. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 26 above.

28. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of:

> any word, term, name, symbol, or device . . . which –
>
> (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . .

29. By the acts described above, including misuse of the SWAROVSKI® trademark and offering for sale and selling products featuring that mark in advertising when Defendants have no affiliation with, endorsement by, or authority from Swarovski to do so, Defendants have used a "false designation of origin" within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). By these acts, Defendants also have infringed the valuable "Swarovski" trade name. The misuse of the SWAROVSKI® trademark is likely to confuse consumers into thinking that Defendants and any product that they offer under the SWAROVSKI® trademark are somehow endorsed by,

sponsored by, or affiliated with Swarovski, thereby causing great harm to Swarovski and to the public at large.

30. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions, and have further suffered monetary damages in an amount to be determined at trial.

**COUNT THREE – DILUTION UNDER**
**SECTION 43(c) OF THE LANHAM ACT**

31. Plaintiffs hereby incorporates by reference and reallege each and every allegation of Paragraphs 1 through 30 above.

32. Plaintiffs' SWAROVSKI® trademark is famous within the meaning of Section 43(c) of the Lanham Act. The SWAROVSKI® mark is not merely a surname; it is an inherently distinctive mark that has been in use in this judicial district and nationwide. Alternatively, the mark has acquired secondary meaning. Plaintiffs advertise the SWAROVSKI® trademark extensively in print and in other media, including the Internet, and the SWAROVSKI® mark has garnered widespread publicity and public recognition in this judicial district and elsewhere nationwide. To enhance its rights SAG has obtained federal trademark registrations, entitling it to nationwide rights to the SWAROVSKI® mark.

33. Plaintiffs' SWAROVSKI® mark became famous long before Defendants began making a commercial use of that mark in commerce. Defendants' commercial use of the SWAROVSKI® mark is likely to dilute the fame of the SWAROVSKI® mark, both by blurring that fame and by tarnishing the association of Swarovski's mark with high quality goods.

34. By the acts described above, Defendants have intentionally and willfully made commercial use of the SWAROVSKI® trademark, in commerce, and have blurred and tarnished the distinctive quality of the famous SWAROVSKI® mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

35. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions, and have further suffered monetary damages in an amount to be determined at trial.

**COUNT FOUR – UNFAIR AND DECEPTIVE ACTS AND PRACTICES UNDER SECTION 6-13.1-2 OF THE GENERAL LAWS OF RHODE ISLAND**

36. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 35 above.

37. By the acts described above, Defendants have willfully engaged in deceptive trade practices in violation of Section 6-13.1-2 of the General Laws of Rhode Island. Among other things, Walgreens has: caused a likelihood of confusion as to the affiliation or association with Swarovski of the products that it is marketing; represented that certain goods have approvals that they do not have; engaged in similar conduct creating a likelihood of confusion or misunderstanding; engaged in acts or practices unfair or deceptive to the consumer; and used other methods and acts or practices to deceive the public in a material respect.

38. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions, and have further suffered monetary damages in an amount to be determined at trial.

**COUNT FIVE – INJURY TO BUSINESS REPUTATION AND DILUTION UNDER SECTION 6-2-12 OF THE GENERAL LAWS OF RHODE ISLAND**

39. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 38 above.

40. By the acts described above, Defendants have diluted the distinctiveness of the SWAROVSKI® trademark and caused a likelihood of injury to business reputation or of dilution of the distinctive quality of the SWAROVSKI® mark, which is valid at common law, in violation of Section 6-2-12 of the General Laws of Rhode Island.

41. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions, and have further suffered monetary damages in an amount to be determined at trial.

**COUNT SIX – UNFAIR COMPETITION UNDER COMMON LAW**

42. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 41 above.

43. By the acts described above, Defendants have violated the common law of unfair competition of the State of Rhode Island.

44. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions, and have further suffered monetary damages in an amount to be determined at trial.

45. In addition, behaving as alleged herein, Defendants have acted with oppression, fraud and malice toward Plaintiffs. Plaintiffs are therefore entitled to an award of punitive damages for the sake of example and by way of punishing Defendants.

## COUNT SEVEN – TRADEMARK INFRINGEMENT UNDER COMMON LAW

46. Plaintiffs hereby incorporate by reference and reallege each and every allegation of Paragraphs 1 through 45 above.

47. By the acts described above, Defendants have engaged in trademark and service mark infringement in violation of the common law of the State of Rhode Island.

48. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions, and have further suffered monetary damages in an amount to be determined at trial.

49. In addition, in behaving as alleged herein, Defendants have acted with oppression, fraud and malice toward Plaintiffs. Plaintiffs are therefore entitled to an award of punitive damages for the sake of example and by way of punishing Defendants.

WHEREFORE, Plaintiffs pray:

A. (i) For judgment that Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114;

(ii) For judgment that Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii) For judgment that Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv) For judgment that Defendants have engaged in deceptive acts and practices under Section 6-13.1-2 of the General Laws of Rhode Island;

(v) For judgment that Defendants have diluted the SWAROVSKI® trademark in violation of Section 6-2-12 of the General Laws of Rhode Island;

(vi) For judgment that Defendants have engaged in unfair competition in violation of the common law of the State of Rhode Island;

(vii) For judgment that Defendants have engaged in trademark infringement under the common law of Rhode Island;

B. For an injunction restraining and enjoining Defendants, their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with Defendants who receive actual notice of the order by personal service or otherwise, from (1) making any present or future use of the SWAROVSKI® trademark or any other marks or names or logos confusingly similar thereto; and (2) doing any act likely to induce the mistaken belief that Swarovski's or Swarovski's affiliates' products or services are in any way affiliated, connected, or associated with, or sponsored or endorsed by Walgreens;

C. For an assessment of:

(i) the damages suffered by Swarovski, trebled, and an award of all profits Walgreens has derived while using the SWAROVSKI® trademark, trebled, as well as costs and attorney's fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

(ii) damages, to the full extent available, pursuant to the law of the State of Rhode Island; and

(iii) punitive damages, to the full extent available under the common law.

D. For an order requiring Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the law hereunder,

and to ameliorate the false and deceptive impressions produced by such violations.

E. For such other and further relief as the Court shall deem appropriate.

Dated: Providence, Rhode Island
October 26, 2006

SWAROVSKI AKTIENGESELLSCHAFT

SWAROVSKI NORTH AMERICA LIMITED

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

Michael A. Gamboli (RI #4684)
Robert K. Taylor (RI #6514)
180 South Main Street
Providence, RI 02903-7120
(401) 861-8200
(401) 861-8210 Fax

Of Counsel:

Roberta Horton
Catherine Rowland
ARNOLD & PORTER
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5161
(202) 942-5999 Fax